IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY J. HARRIS, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>WARDEN KLIENER, )<br>    Respondent. ) | CIVIL ACTION NO. 17-00054-CG-N |

## REPORT AND RECOMMENDATIONS

Petitioner Jeffery J. Harris, an Alabama pretrial detainee proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] *See* S.D. Ala. GenLR 72(b); (2/3/2017 electronic referral).

As ordered (see Doc. 3), the Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed and served an Answer (Doc. 10) to the petition. Harris has submitted several filings (Docs. 12, 13, 14, 15, 16, 17) in reply (Doc. 9) to the Answer. Having reviewed the parties' submissions under Rule 8 of the Rules Governing Section 2254 Cases, the undersigned finds that an

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not" brought under 28 U.S.C. § 2254.).

evidentiary hearing is not warranted and that Harris's habeas petition (Doc. 1) is due to be **DISMISSED without prejudice in part** for failure to exhaust his state court remedies, as the Respondent argues, and **DISMISSED with prejudice in part** on the merits. The undersigned also finds that, in conjunction with the dismissal of his petition, Harris should be **DENIED** both a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

## I. Background

On May 13, 2016, the District Court of Escambia County, Alabama, issued a criminal complaint against Harris, along with a warrant for his arrest. (Doc. 10-1 [Respondent's Ex. 1] at 4 – 5). Harris was arrested and detained in the Escambia County Jail on May 22, 2016. (*Id.* at 5). On May 23, 2016, Harris was brought before the Escambia County District Court for an initial appearance, and his bail bond was set at $100,000.00 (Escambia County Circuit Court Case Nos. 30-DC-2016-00832.00 through -00835.00. (*Id.* at 6 – 7). Between June 3 and June 20, 2016, the district court appointed three successive attorneys as counsel for Harris. (*Id.* at 23, 27, 29). The district court set a preliminary hearing for June 29, 2016. (*See id.* at 25). At the June 29 hearing, the preliminary hearing was continued, on Harris's motion, to August 23, 2016, and the district court reduced Harris's bond to $50,000.00. (*Id.* at 20, 33 - 34).

On July 29, 2016, the Grand Jury of Escambia County returned a five-count indictment against Harris and raised his bond back to $100,000.00. (*Id.* at 39 – 41). A warrant was issued pursuant to the indictment, and Harris was again arrested on

August 15, 2016. (*Id.* at 42). On August 17, 2016, Harris, through appointed counsel, moved the Escambia County Circuit Court (Case No. 30-CC-2016.000460.00) to reduce the bond back to "not more than $50,000.00" and to amend his conditions of release to allow him to travel for work as a truck driver. (Doc. 10-3 [Respondent's Ex. 3]). After holding a hearing, the circuit court denied the motion on October 12, 2016. (Doc. 10-4 [Respondent's Ex. 4]). On November 22, 2016, Harris filed a second counseled motion for bond reduction, which the circuit court denied on December 6, 2016, after holding a hearing. (*See* Docs. 10-7, 10-8 [Respondent's Exs. 7 & 8]).[2]

Harris filed the present § 2241 petition on January 22, 2017,[3] the date he certifies under penalty of perjury that it was delivered to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Cases.[4]

---

[2] On October 31, and again on December 19, 2016, Harris submitted *pro se* letters to the circuit court requesting, among other things, a bond reduction and, in the second letter, a speedy trial. The circuit court took no action on either letter after noting that Harris was represented by counsel, instead returning the first to Harris and forwarding the second to his attorney. (*See* Docs. 10-5, 10-6, 10-9, 10-10 [Respondent's Exs. 5, 6, 9, & 10]).

[3] Though Harris actually dates the petition "1/22/16" (Doc. 1 at 10), given that the petition was postmarked January 25, 2017, and that Harris had not even been arrested on the present charges in January 2016, the undersigned assumes the use of 2016 as the year of mailing to be a scrivener's error.

[4] A review of the publicly accessible docket of Harris's circuit court case via alacourt.com (https://v2.alacourt.com/ (last visited July 26, 2017)) indicates that the circuit court continued Harris's trial to the September 11, 2017 jury term by order dates June 12, 2017.

## II. Analysis

### A. § 2241 Petition

Harris's present petition asserts the following grounds:[5]

1. The Escambia County courts violated his constitutional right to due process under the Fourteenth Amendment to the United States Constitution[6] because "court date was set so that presentment of indictment would work in states [sic] favor" and Harris "was not allowed to challenge the validity of arrest nor have [his] witnesses presented to courts."

2. The Escambia County courts violated his constitutional right against double jeopardy under the Fifth Amendment to the United States Constitution because "[b]ond was set in District Court as well circuit court for same offences."

3. The Escambia County courts violated his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution because he

---

[5] The undersigned is mindful of the obligation to construe Harris's pro se petition liberally. *See, e.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989) (en banc) ("Pro se habeas petitioners do not stand in the same position as counseled petitioners. Because habeas petitioners are often unlearned in the law and unfamiliar with the complicated rules of pleading, we do not impose on them the same high standards of the legal art which we might place on the members of the legal profession. Accordingly, we have never wavered from the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." (citations and quotations omitted)).

[6] Though Harris actually claims a "5th amendment violation of due process" (Doc. 1 at 7), because he is challenging state criminal proceedings, the undersigned assumes Harris is asserting a due process violation under the Fourteenth Amendment. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").

was "indicted 7/29/16 January 25 makes roughly 180 days and [he] h[as] yet to been [sic] set for trial."

4. The Escambia County courts violated his constitutional right against excessive bail under the Eighth Amendment to the United States Constitution because his "bond exceeds court guidelines as well are not contemporary with surrounding counties."

5. "All [his] efforts through the detention center grievance system were hindered…from 5/22/16 til" the date the petition was filed.

The Respondent asserts that Harris's § 2241 petition is due to be dismissed because he has failed to exhaust his state court remedies for any of the claims he raises.[7]

A state pretrial detainee may seek habeas relief under 28 U.S.C. § 2241.[8] However, generally, "[a]n application for a writ of habeas corpus on behalf of a

---

[7] To the extent Harris asserts errors of state law, both in his initial petition and in his numerous replies, such claims do not entitle him to federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41, 104 S. Ct. 871, 874–75, 79 L. Ed. 2d 29 (1984).")

[8] *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003)); *Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) (per curiam) (unpublished) ("Hiteshaw is not 'in custody pursuant to a judgment of the State court.' 28 U.S.C. § 2254(a). Rather, he is being held pursuant to a state court's pre-trial detention order resulting from the court's probable cause determination that he is a sexually violent predator under the Jimmy Ryce Act. Hiteshaw is awaiting his civil commitment trial to determine if he is in fact a sexually violent predator. In addition, according to Hiteshaw's habeas

person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State…" 28 U.S.C. § 2254(b)(1)(A).

> A § 2254 habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary. Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of th[is] rule.
>
> …In order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c), state prisoners must file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State. Consistent with the purpose of the exhaustion rule, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*Pruitt v. Jones*, 348 F.3d 1355, 1358–59 (11th Cir. 2003) (some citations and quotations omitted). This exhaustion requirement applies to § 2241 petitions brought by state inmates. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004) ("Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, we have held that the requirements of § 2254-including exhaustion of state remedies-apply to a subset of petitioners to

---

petition, he has completed serving his prison term for violating the conditions of his parole. Therefore, under the reasoning in *Medberry*, Hiteshaw, as a pre-trial detainee, is not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition. Thus, the district court erred by characterizing it as a § 2254 petition…").

whom § 2241(c)(3) applies: those who are 'in custody pursuant to the judgment of a State court.' *Medberry v. Crosby,* 351 F.3d 1049, 1059 (11th Cir. 2003).").

Harris's November 22, 2016 motion for a bond reduction argued that his bond was "excessive, unjust and serves to deprive him of his right to reasonable bail bond afforded him by the Eight and Fourteenth Amendments of the Constitution of the United States…." (Doc. 10-7 at 1). The circuit court rejected this argument and denied that motion on December 6, 2016. In Alabama state courts, "[a] petition for a writ of habeas corpus is the proper vehicle by which to challenge the setting of allegedly excessive bail." *Ex parte Stokes,* 990 So. 2d 852, 856 (Ala. 2008) (citing *Ex parte Colbert,* 717 So.2d 868, 870 (Ala. Crim. App. 1998)). In one of his replies, dated April 18, 2017, Harris claims that he has "made pro se motions to the Alabama Court of Criminal Appeals for habeas as well as writ of mandamus" challenging his state court bond, and he has attached a notice from the Court of Criminal Appeals indicating that it had chosen to treat a *pro se* letter received from Harris on March 29, 2017, as a petition for a writ of habeas corpus. (Doc. 14-1 at 1; Doc. 14-5 at 18). However, by order dated June 9, 2017, the Court of Criminal Appeals dismissed Harris's petition for failure to comply with that court's order to serve the respondent. (*See* Attached Exhibit).[9] Therefore, Harris's excessive bail claim is unexhausted.

---

[9] Courts may take judicial notice of publicly filed documents, such as those in state court litigation…" *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015). The attached exhibit was obtained from the publicly accessible docket of Harris's circuit court case via alacourt.com.

A defendant's Sixth Amendment right to a speedy trial may be asserted in the Alabama trial courts by motion and, if the motion is denied, by a petition for a writ of habeas corpus, the denial of which may be appealed. *See Williams v. State*, 511 So. 2d 265, 267 (Ala. Crim. App. 1987) ("One whose constitutional right to a speedy trial is violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available. *Blake v. State*, 448 So.2d 968 (Ala. Cr. App. 1984)."); *Aaron v. State*, 497 So. 2d 603, 605 (Ala. Crim. App. 1986) ("Pending trial, the remedy for illegal confinement by reason of the erroneous postponements of trial is habeas corpus where a motion for discharge has been denied and no other remedy is available."); *Ex parte Hamilton*, 970 So. 2d 285 (Ala. 2006) (certiorari review of Court of Criminal Appeals's denial of a petition for writ of habeas corpus asserting speedy trial violation); *Grace v. Alabama*, No. 1:13-CV-361-TMH, 2013 WL 6596951, at *1 (M.D. Ala. Dec. 13, 2013) ("Grace contends that his right to a speedy trial has been violated by Alabama authorities. A criminal defendant in Alabama may file a motion for a speedy trial or a state petition for writ of habeas corpus in the state trial court to address alleged speedy trial violations. *See Williams v. State*, 511 So. 2d 265, 267 (Ala. Crim. App. 1987)."). Harris asserted a speedy trial in his December 19, 2016 *pro se* letter to the circuit court. (Doc. 10-9 at 2). However, the circuit court took no action on the letter and forwarded it to Harris's counsel. (*See* Doc. 10-10). In one of his replies, dated April 18, 2017, Harris represents that his public defender has since filed a "Notice of Demand for a Speedy Trial." However, there is no indication that Harris has moved to dismiss his

state criminal proceedings on speedy trial grounds, nor is there any indication that Harris has sought any state court relief on speedy trial grounds via a petition for a writ of habeas corpus. Therefore, Harris's speedy trial claim is unexhausted.

Nothing in the record indicates that Harris has raised his Fifth Amendment double jeopardy claim at any stage in his state court proceedings. The double jeopardy claim must first be raised in the circuit court via a motion, and a denial of the motion may be reviewed in the Alabama appellate courts by way of a petition for a writ of mandamus. *See Ex parte Ziglar*, 669 So. 2d 133, 135 (Ala. 1995) ("The appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus. See Rule 21(e), Ala. R. App. P. This procedure will adequately protect the interest of a defendant…so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial… A defense of double jeopardy must be timely raised at trial, or else it is waived."). Therefore, the double jeopardy claim is also unexhausted.

Harris's Fourteenth Amendment due process claim and his complaints regarding "the detention center grievance system" are also unexhausted because there is no indication in the record that he has raised them in his state criminal proceedings. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Harris's Fourteenth Amendment claim, essentially alleging that he was deprived of due process because he was indicted before a preliminary hearing was held, is meritless, as "there is no

federal constitutional right to a preliminary hearing." *Harris v. Estelle*, 487 F.2d 1293, 1296 (5th Cir. 1974). *See also id.* ("*Coleman v. Alabama*, 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970) does not compel a different conclusion. The import of *Coleman* is that once a state provides a preliminary hearing, counsel must be afforded at that hearing, not that such a hearing is a minimum requirement of Fourteenth Amendment due process.").[10] As for his complaints about the jail grievance system, those do not appear not grounds for habeas relief but are instead challenges to conditions of confinement that should be brought in a civil action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] s 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life…"). Immediate release of a state inmate from confinement is not available as a remedy under that provision.[11] Thus,

---

[10] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[11] *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison," or the 'shortening' of his term of confinement." (citations omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973))); *D.D. ex rel. Dabney v. Niles*, 615 F. App'x 654 (11th Cir. 2015) (per curiam) (unpublished) ("D.D. and his parents brought this suit under 42 U.S.C. § 1983 challenging his detention by the Georgia Department of Juvenile Justice ('DJJ') … Regardless of how the Appellants frame the claims, both claims—D.D.'s own claim (Count Two) and his parents' claim based on their parental rights (Count One)—are, in their essential nature, challenges to D.D.'s detention. Therefore, the appropriate method to challenge D.D.'s detention is to seek a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973) ('Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and

Harris's Fourteenth Amendment due process claim and his complaints regarding "the detention center grievance system" are without merit.

Accordingly, the undersigned finds that Harris's § 2241 petition is due to be **DISMISSED with prejudice in part** as to those claims the undersigned has found to be meritless, and **DISMISSED without prejudice in part** for failure to exhaust the rest of his claims. Therefore, Harris's motion for release on his own recognizance (Doc. 17) is due to be **DENIED**. The undersigned has found that Harris is due no habeas relief, and this Court otherwise "lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties..." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam). *Accord, e.g., Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (per curiam) (unpublished) ("The district court concluded correctly that it lacked jurisdiction to issue a writ of mandamus to direct the Spalding County Trial Court in the performance of the state court's duties." (citing *Moye*)).[12]

---

that specific determination must override the general terms of § 1983.').”), *cert. denied*, 136 S. Ct. 1173 (2016).

[12] In his replies, Harris hints that he wishes to be appointed counsel in this action. However, this is not a capital case that would entitle Harris to appointment of counsel under 18 U.S.C. § 3599. Under the Rules Governing Section 2254 Cases, the district court is only required to appoint counsel where an evidentiary hearing is warranted, *see* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and the undersigned has found that an evidentiary hearing is not warranted prior to dismissing the instant habeas petition. Finally, "there is no automatic constitutional right to representation in a federal habeas corpus proceeding." *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). While, "for certain individuals[,] due process or the interests of justice may require the

### B. Certificate of Appealability

In actions such as this one brought by a state prisoner under § 2241, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.[13] "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

appointment of a lawyer[,]" *id.* (quotation marks omitted), the undersigned finds that no such concerns are present here, as the issues raised are relatively straightforward and Harris has shown adequate ability to present his position to the Court himself. Accordingly, to the extent Harris requests appointment of counsel, that request is **DENIED**.

[13] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, the undersigned finds that Harris should be **DENIED** a Certificate of Appealability as to the present habeas petition. Harris has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong." *Slack*, 529 U.S. at 484. As to those claims dismissed for failure to exhaust, the undersigned further finds that reasonable jurists would not find it debatable whether the Court was correct in that procedural ruling.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-

C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[14]

### C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without

---

[14] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

> arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Harris in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[15]

### III.   Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that the Harris's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice in part** and **DISMISSED with prejudice in part**, that his motion for release on his own recognizance (Doc. 17) be **DENIED**, and that the Court find Harris is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

### IV.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or

---

[15] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 16th day of August 2017.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**